**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

AUSTIN RUSSELL                                                                                                    PLAINTIFF

v.                                        No. 3:14CV00154-JLH-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                         DEFENDANT

## OPINION AND ORDER

Austin Russell appeals the decision of the Commissioner of Social Security to deny his application for Social Security disability benefits, arguing that the administrative law judge improperly gave little weight to the opinions of his treating physician, Dr. Carlos Choycino, who completed two physical function assessments and one mental function assessment. Dr. Choycino reported that Russell had marked physical restrictions and significant mental limitations. The administrative law judge discussed the medical records extensively, including the records of Dr. Choycino (Tr. 18-22), before concluding:

> Although Dr. Coucino [sic] is a treating source, as discussed above, there are significant inconsistencies in his reports, as well as a lack of objective evidence supporting the extreme functional limitations that he set out. The course of treatment pursued by Dr. Coucino [sic] has not been consistent with what one would expect if the claimant's limitations were as severe as Dr. Coucino [sic] indicated. Additionally, with regard to the mental limitations, Dr. Coucino [sic] is offering an opinion outside of his area of expertise. As such, little weight is granted to his opinion.

Tr. 22.

This action was referred to a magistrate judge for recommended disposition. The magistrate judge recommended that the decision of the Commissioner of Social Security be affirmed. The magistrate judge construed Russell's argument on appeal to be that the administrative law judge erred in failing to give controlling weight to Dr. Choycino's opinions. Russell objects to the

magistrate judge's recommended disposition because, he says, the magistrate judge misconstrued his argument, which is not that the administrative law judge erred in failing to give controlling weight to Dr. Choycino's opinions but that the magistrate judge erred in giving little weight to those opinions, and he argues, therefore, that the magistrate judge applied the wrong legal standard. Russell also objects that the magistrate judge affirmed for reasons other than those articulated by the administrative law judge.[1] After reviewing the record *de novo*, for the reasons that follow, the Court adopts the magistrate judge's recommendation that the Commissioner of Social Security be affirmed.

Twenty C.F.R. § 404.1527 prescribes the manner in which the Social Security Administration weighs medical opinions. Here, the administrative law judge's evaluation of the medical opinions in the record is consistent with that regulatory provision.

Dr. Choycino assessed Russell as having marked restrictions in carrying out the activities of daily life, but, as the administrative law judge pointed out (Tr. 19-20), Russell's description of his daily activities in the function report that he completed are inconsistent with that assessment. Russell reported that he prepares breakfast, lunch, and dinner, and he feeds and waters his dogs. Tr. 143. He does light cleaning, laundry, sweeping, and light mopping. Tr. 144. He drives a car, shops in stores, pays his bills, and otherwise handles his own financial affairs. Tr. 145.

Similarly, Dr. Choycino opined that Russell would miss more than four days of work per month, but Russell said that when he was discharged he had not been missing work at all. Tr. 19-20; 33; 294; 300. Russell argues that his condition deteriorated between the date he was discharged

---

[1] It is a "well-settled principle of administrative law that a reviewing court may not uphold an agency decision based on reasons not articulated by the agency itself in its decision." *Mayo v. Schiltgen*, 921 F.2d 177, 179 (8th Cir. 1990) (citing, *inter alia*, *Sec. and Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 87, 63 S. Ct. 454, 459, 87 L. Ed. 626 (1943)).

from his job in August 2011 and the date that Dr. Choycino completed the assessments, January 15, 2013, but the evidence does not support that conclusion. Tr. 20.

The administrative law judge also correctly noted that the two physical function assessments were completed on the same day and were inconsistent. Tr. 21. For example, in one assessment, Dr. Choycino reported that Russell could stand/walk approximately four hours in an eight-hour day (Tr. 293), whereas in the other assessment he reported that Russell could stand/walk less than two hours in an eight-hour work day (Tr. 298). On one of the assessments, Dr. Choycino reported that Russell would be required to take two unscheduled breaks during an average eight-hour work day (Tr. 293-94), whereas on the other assessment he appears to report that Russell would be required to take unscheduled breaks every thirty to forty-five minutes during a working day (Tr. 298).

Furthermore, the administrative law judge correctly noted the lack of objective evidence supporting the extreme functional limitations described by Dr. Choycino. Russell's primary diagnosis is that he is HIV positive, but the medical records reflect no opportunistic infections[2] or other indicator conditions generally associated with that disease. Tr. 19. *Cf. Heath v. Colvin*, Case No. 5:14CV223, at *3, 2015 WL 1959710 (N.D.N.Y. April 29, 2015) (slip opinion). He has diabetes but he is not taking insulin, and the records evidence no secondary complication or functional limitation as a result. Tr. 20.

No evidence in the record describes any muscle atrophy, loss of range of motion, neuropathy or any other objective factor that would support a finding of the marked physical limitations that

---

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 14.00; *see also United States v. Rabins*, 63 F.3d 721, 727 n.7 (8th Cir. 1995) (quoting The Merck Manual 77 (Robert Berkow, M.D., et al. eds., 1992) ("AIDS is defined as: '[A] secondary immunodeficiency syndrome resulting from HIV infection and characterized by opportunistic infections, malignancies, neurologic dysfunction, and a variety of other syndromes.'") (alteration in *Rabins*)).

Dr. Choycino attributed to Russell. As the administrative law judge pointed out, the course of treatment pursued by Dr. Choycino has not been consistent with what one would expect if Russell's physical limitations were as severe as he indicated. Finally, the administrative law judge correctly noted that with regard to the mental limitations Dr. Choycino was offering an opinion outside of his area of expertise.

All of the administrative law judge's reasons for giving Dr. Choycino's opinions little weight are supported by the record and are consistent with 20 C.F.R. § 404.1527. *Cf. Miller v. Colvin*, 784 F.3d 472 (8th Cir. 2015) (affirming an administrative law judge's decision to accord little weight to the opinion of the claimant's treating physician); *Cline v. Colvin*, 771 F.3d 1098 (8th Cir. 2014) (same); *Whitman v. Colvin*, 762 F.3d 701 (8th Cir. 2014) (same).

The administrative law judge concluded that Russell has the residual functional capacity to do light work with some restrictions. Tr. 18. Russell's past relevant work was as a dietary manager, which is work that can be performed by a person with Russell's residual functional capacity. Tr. 23, 49. Therefore, the administrative law judge concluded that Russell has not been under a disability. Tr. 23-24. The administrative law judge's determination is supported by substantial evidence and is not infected by any legal error. The decision of the Social Security Administration to deny Austin Russell's application for Social Security disability benefits is therefore affirmed. Austin Russell's complaint is dismissed with prejudice.

IT IS SO ORDERED this 12th day of June, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE